IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES DUNBAR,

    Plaintiff,
v.                                          CASE NO. 1:12-cv-275-RS-GRJ

FLORIDA PENINSULA
INSURANCE CO., et al..,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) For the following reasons, the undersigned recommends that the case should be dismissed for lack of subject matter jurisdiction.

Plaintiff brings claims against Florida Peninsula Insurance Company ("Florida Peninsula"), and William Kilborn and Angel Toro, who appear to be employees of Florida Peninsula. Plaintiff asserts that after his home caught fire in February 2012, Florida Peninsula—his insurance carrier—solicited bids from contractors for the repair work on his home. Plaintiff asserts that he selected a contractor, but Florida Peninsula rejected that contractor's bid and retained its own contractor. He further asserts that Florida Peninsula "paid the insurance proceeds to their contractor, and not the one who did the work." (Doc. 1, at 3.) Plaintiff asserts that he paid his own contractor out-of-pocket. Plaintiff requests reimbursement of the amount he paid to the contractor, reimbursement for supplies, and attorney's fees.

It is well established that federal courts are obligated to inquire into subject

matter jurisdiction *sua sponte* whenever it may be lacking.[1] Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question.[2] Here, the Complaint does not reference any federal statute or federally created right that might be implicated in this case. Accordingly, the only arguable basis for subject matter jurisdiction would be diversity of citizenship. Plaintiff appears to be a citizen of Florida. He also lists addresses for the individual Defendants, Mr. Kilborn and Mr. Toro, in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business ... " It appears from the face of the Complaint that Florida Peninsula's principal place of business is the state of Florida, and diversity between the parties is therefore lacking. Furthermore, Plaintiff has attached to his Complaint an estimate for the work on his home, which totals $27,000.00. This falls far short of the amount in controversy required under 28 U.S.C. § 1332(a)(1), which must exceed $75,000.

The Court issued an Order to Show Cause on December 12, 2012, directing Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. 3.) Plaintiff responded to the Order to Show Cause, Doc. 4, but failed to demonstrate that there was diversity of citizenship between the parties and failed to show that the amount in controversy exceeded $75,000.

---

[1] See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[2] 28 U.S.C. § 1331.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Complaint, Doc. 1, should be dismissed for lack of subject matter jurisdiction.

**IN CHAMBERS** this 4th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**